UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONIQUE JENE HARDEMAN BEY,

        Plaintiff,                       Case No. 2:25-cv-13631

v.                                    Honorable Susan K. DeClercq
                                     United States District Judge

JOHN DOE 1-99,

        Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO
PROCEED *IN FORMA PAUPERIS* (ECF No. 2), SUMMARILY
DISMISSING COMPLAINT (ECF No. 1), AND DENYING PLAINTIFF'S
MOTION (ECF No. 6)**

Plaintiff Monique Jene Hardeman Bey, proceeding *pro se*, sued 99 John Does,

seeking an order "decreeing petitioner as sole exclusive trustee for the name and

estate of 'MONIQUE JENE HARDEMAN.'" ECF No. 1 at PageID.1. She also

applied to proceed *in forma pauperis*. ECF No. 2. The application supports her claim

of poverty, so it will be granted. However, as explained below, her suit fails to state

a claim upon which relief may be granted, so the case will be dismissed.

## I. BACKGROUND

On November 14, 2025, Plaintiff Monique Jene Hardeman Bey filed a

"petition" for a court order that would declare her the trustee, heir, and sole

beneficiary of "the Name and Estate of 'MONIQUE JENE HARDEMAN.'" ECF

No. 1 at PageID.2. She explained that she currently "is without an Executor, Personal Representative, Administrator or Trustee" and filed her "petition" for the purpose of appointing herself "Sole Exclusive Trustee." *Id.* at PageID.2. She brought this suit against "unknown JOHN AND JANE DOES 1-99, who may have legal claim to the private trust, name, and estate of Monique Jene Hardeman. *Id.* at PageID.1. To invoke the Court's jurisdiction, she referred to the Hague Convention, "the Constitution of Pennsylvania, [and] said civilian, non-military, due process law secured for all Pre-March 9, 1993, Private Citizens of the United States of a State level by Section 1 of the Fourteenth Amendment to the Constitution of the United States of America." *Id.* at PageID.1–2.

On November 21, 2025, Hardeman Bey filed a Motion to Intervene, seeking "AN INJUNCTION FOR THE NAME MONIQUE JENE HARDEMAN d/b/a MONIQUE JENE HARDEMAN BEY NOTICE THAT the registered agent for MONIQUE JENE HARDEMAN BEY is the MICHIGAN Secretary of State for the STATE OF MICHIGAN upon whom a Notice of Claim against the public corporation may be served." ECF No. 6 at PageID.35. She further seeks to have "the name, MONIQUE JENE HARDEMAN, be added to the LIST for Michigan and all other states as well." *Id.* at PageID.37. Hardeman Bey added that her motion is a contract, to which a failure to respond within 10 days constitutes acceptance. *Id.*

- 2 -

## II. LEGAL STANDARD

Because Hardeman Bey proceeds *in forma pauperis*, her claims must be reviewed under the standards set forth in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (recognizing that courts "must still screen" non-prisoner complaints under § 1915(e)(2)). Specifically, the Court must dismiss any claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). "Frivolity includes a lack of jurisdiction." *Groulx v. Zawadski*, 635 F. Supp. 3d 574, 576 (E.D. Mich. 2022) (citing *Carlock v. Williams*, 182 F.3d 916 (6th Cir. 1999).

Hardeman Bey proceeds *pro se*, and so her pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even so, Hardeman Bey is not immune from compliance with the Civil Rules. Her complaint must still set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), one that would "give the defendant[s] fair notice" of what the claim is and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Further, her complaint must still "contain sufficient factual matter, accepted as true,

- 3 -

to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (holding that the Civil Rule 12(b)(6) standard also applies to dismissals under § 1915(e)(2)(B)(ii)).

### III. ANALYSIS

Even construed liberally, Hardeman Bey's complaint does not establish that this Court has jurisdiction; thus, her case must be dismissed and her motion denied as moot. *See Groulx*, 635 F. Supp. 3d at 576. Federal courts have limited jurisdiction, and the burden of establishing that they have jurisdiction rests upon the plaintiff. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To establish federal jurisdiction, a plaintiff must demonstrate that there is a federal question at issue or that there is complete diversity of citizenship with an amount in controversy exceeding $75,000. *See* 28 U.S.C. §§ 1331; 1332; *see also Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437–38 (2019).

Here, Hardeman Bey makes no reference to a dollar amount that would satisfy the amount in controversy requirement for diversity jurisdiction, nor does she clarify how there is a diversity of citizenship between herself and the 99 John Does. *See* 28 U.S.C. § 1332. As for federal question jurisdiction, Hardeman Bey refers to the Pennsylvania Constitution, the Hague Convention, and "civilian, non-military, due process law secured for all Pre-March 9, 1993, Private Citizens of the United States

- 4 -

of a State level by Section 1 of the Fourteenth Amendment." ECF No. 1 at PageID.1.

The first two are not bases for this Court to exercise jurisdiction, and to the extent

Hardeman Bey refers to the Fourteenth Amendment, she has not presented a federal

question that connects her requests with a due process issue. *See Chase Manhattan*

*Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007) ("Federal question

jurisdiction under 28 U.S.C. § 1331 is proper 'only when a federal question is

presented on the face of the plaintiff's properly pleaded complaint.'") (citing

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Furthermore, issues concerning trusts and estates, in the absence of a federal

question or diversity of citizenship, are generally matters for a probate court. *See*

*Marshall v. Marshall*, 547 U.S. 293, 311 (2006) (clarifying the narrow exception for

federal courts to address probate matters); *see also Voss v. Voss*, 621 F. Supp. 3d 816,

823 (E.D. Mich. 2022) ("Thus, under *Marshall*, the probate exception is narrow and

only applies … if a case actually require a federal court to perform one of the acts

specifically enumerated in *Marshall*: to probate a will, to annual a will, [or] to

administer a decedent's estate.").

Moreover, Hardeman Bey's general rejection of certain laws and her claims

that she is of the "Moorish Bey Tribe," that she did not consent to receiving a birth

certificate and social security number, and that she needs trustee status for her legal

name are the kinds of "meritless rhetoric" claims by the sovereign citizen movement

- 5 -

that courts have consistently rejected as frivolous and inadequate for federal jurisdiction. *See* ECF No. 6 at PageID.36; *see, e.g.*, *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (outlining the core beliefs of sovereign citizens—which include those who claim "Moorish" heritage—and noting their legal frivolity); *Potter v. United States*, 161 Fed. Cl. 24, 28–29 (2022) (finding no jurisdiction over sovereign citizen claims involving a trust held in one's "fictional" government name); *Cook v. Kellogg Cmty. Credit Union*, No. 1:23-cv-843, 2024 WL 3607638, at *2 (W.D. Mich. June 26, 2024) ("In short, arguments based on sovereign citizen theories have been uniformly rejected by the federal courts for decades and should be summarily dismissed as frivolous."), *report and recommendation adopted* 2024 WL 3594638 (W.D. Mich. July 31, 2024).

As made clear in *Houston v. Houston*, federal district courts lack jurisdiction over pseudo-legal claims involving individual sovereignty and estates because:

> no provision of the Constitution or federal law gives the Court authority to determine that Plaintiff is a sovereign citizen and thus free of the compulsion under federal or state statutes and ordinances. And the Court believes that most of Plaintiff's claims having to do with guardian relationships or estates, while still frivolous, are within the realm of probate law.

No. 2:21-cv-11888, 2021 WL 4290198, at *5 (E.D. Mich. Sept. 21, 2021). Thus, because Hardeman Bey's claims are based on pseudo-legal, sovereign-citizen beliefs about her name and trust, this Court lacks jurisdiction. *See Potter*, 161 Fed. Cl, at 29; *see also Cook*, 2024 WL 3607638, at *5 (finding that "[t]his Court has no

jurisdiction for fictitious claims which are not based in law, but based in the fantasies of the sovereign citizen movement" because they are totally implausible, meritless, and frivolous). Therefore, this Court will dismiss Hardeman Bey's complaint for lack of jurisdiction. *See* FED. R. CIV. P. 12(h)(3); *Houston*, 2021 WL 4290198 at *5–6. As a result, Hardeman Bey's motion is moot and will be denied on the same grounds.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepaying Fees or Costs, ECF No. 2, is **GRANTED**;

2. Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**;

3. Plaintiff's Motion to Intervene with an Injunction, ECF No. 6, is **DENIED**; and

4. Plaintiff is **DENIED** permission to appeal *in forma pauperis* because an appeal cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

**This is a final order and closes the case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: December 12, 2025